UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Johnny Figueroa, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 3048 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Edmond E. Chang |
| Thomas Dart, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Cook County Sheriff's Office (Thomas Dart), by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Jordan L. Matthis, and answers Plaintiff's Complaint as follows:

1. I, Johnny W. Figueroa am submitting this Complaint of my own free will and accord. I am a 45 year old U.S. Navy Veteran that was detained in Cook County Jail for 16 months awaiting trial.

    **Answer**: Defendant admits that Plaintiff was detained in Cook County Jail for 16 months. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. During my pre-trial confinement, I was housed in Division 2/3 annex tier E2 from October 22, 2014 until March 18, 2015. After spending 5 months in 3 annex and completing the Westcare program, I was transferred to Division 1 tier G1 "Veterans Tier" designed for incarcerated Military Veterans. I was housed in Division 1 for 11 months, March 18, 2015 until February 8, 2016.

>**Answer**: Defendant admits Plaintiff was housed in Division 3 annex, Tier E2 yet denies he was housed there beginning October 22, 2014. Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The entire time I was detained in Cook County Jail I was living under inhumane living conditions. I submitted several grievances while I was housed in 3 annex to the social worker "Mr. Hinton" that was never answered.

    >**Answer**: Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. I also wrote several grievances while I was housed in Division 1 to social worker "Mrs. Freeman" and those were unanswered. Div 1 was declared condemned.

    >**Answer**: Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The issues I filed grievances about was "3 annex:"

    a. The showers were hardly ever warm.

    b. The shower walls had mold, mildew and bacteria on them.

    c. The floor drains in the shower didn't work and I had to shower while standing in cold, filthy water which caused me to catch athletes feet that spread to my groin area causing jock itch. "I was treated in health care."

    d. The shower crew/sanitation department never came to power wash the showers.

    e. The ceiling leaked causing the ceiling tiles to become soaked and begin falling due to the rain, melting ice and snow. Electrical wiring and asbestos was also exposed in the ceiling due to the missing tiles in the ceiling. Mop buckets had to be placed in the bunk area and day room to collect the water from the leaking ceiling.

    f.    There was a major rat and insect problem. Rats use to eat through my plastic county issued property bag and eat and destroy my commissary items and leave rat feces on my clean clothing and food items.

    g.    The heat barely ever worked.

    h.    There was no drinking fountain or water cooler on the tier so I had to drink water out of the sink that the other 50 men used to brush their teeth, comb their hair, shave and wash their face in. There was nothing to clean or sterilize the sink or faucets with. People also washed their underwear and socks in those sinks.

    **Answer**:    Defendant denies Plaintiff filed grievances regarding any of the issues contained in Paragraph 5 of Plaintiff's Complaint.

6.    The issues I wrote grievances about in Division 1 are:

    a.    The showers had mold, mildew and bugs. The showers were never power washed.

    b.    The drinking water was brown in color with a foul color.

    c.    The heat did not work nor did the windows close.

    d.    I was exposed to asbestos on the living unit and in Division 1 barber shop where I worked on 2nd shift from March 18, 2015 until November 26, 2015.

    e.    Division 1 had a rat and mice problem. The rats would climb in the bed with me. They would also eat and destroy my commissary.

    f.    While walking to and from court, I would have to walk through 2-4 inches of water because the tunnels would flood due to the corroding concrete foundation from division 1 to Criminal Courts Building.

    g.    While working in Division 1 barber shop I had to cut maximum security level detainees hair and I was medium security level detainee housed in a max division.

    h.    Also Division 1 was declared a condemned building.

> **Answer**: Defendant denies Plaintiff filed grievances regarding any of the issues contained in Paragraph 6 of Plaintiff's Complaint.

7. I was also a participant in the Cook County Department of Corrections Veterans Laundry Management Training Program. We provided laundry services for the entire County Jail inmate population including Cermak Healthcare and a outside contract for the Hyatt Hotel.

> **Answer**: Defendant makes no answer to Paragraph 8 pursuant to Rule 8(b)(1)(B) of the Federal Rules of Civil Procedure and this Court's review pursuant to 28 U.S.C. § 1915A. Dkt. 6

8. I filed grievances about the work conditions and inadequate safety equipment but I never received a response. These are the issues I filed a grievance about.

    a. My daily tasks included sorting and washing clothing that contained human urine, feces, blood, vomit and semen. I was never issued proper protective uniforms or adequate safety equipment.

    b. I was placed in a high risk situation for contracting an airborne communicable disease and exposure to blood-born pathogens.

    c. I was never offered a Hepatitis B vaccination or any other medication to prevent me from contracting any infectious disease.

    d. The laundry room was located in the basement of Division 5 and it had poor ventilation causing my breathing to become labored at times. Also, asbestos was exposed on the walls.

    e. There were no designated break room to eat my lunch so I had to eat my lunch around soiled laundry.

> **Answer**: Defendant makes no answer to Paragraph 8 pursuant to Rule 8(b)(1)(B) of the Federal Rules of Civil Procedure and this Court's review pursuant to 28 U.S.C. § 1915A. Dkt. 6

9. On May 17, 2015, I lost my mother to cancer. During this time I was under tremendous grief so I requested to speak to a grief counselor or chaplan. I was told that someone would come speak with me but no one ever did.

   **Answer**: Defendant makes no answer to Paragraph 9 as this claim was dismissed pursuant to this Court's review under 28 U.S.C. § 1915A. *Id*.

10. Eventually the inhumane living conditions along with the unsatisfactory and unsanitary work environment and the unaddressed grief I had suppressed took it's toll on me leaving me to feel defeated, discouraged and depressed so I plead guilty to the charges I was facing just so I could get out of Cook County Jail.

    **Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. I feel that my rights have been violated and that the inhumane living conditions and the unsatisfactory work environment were unconstitutional that's why I'm filing this complaint.

    **Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Cook County Sheriff's Office (Thomas Dart), by and through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, and through her assistant, Jordan L. Matthis, asserts the following affirmative defenses:

1. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

2. Defendant cannot be held personally liable under § 1983 under a theory of *respondeat superior*. *See Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

3. The Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of qualified immunity.

4. Plaintiff cannot recover punitive damages for claims against Defendant in his official capacity. *See Holly v. City of Naperville*, 571 F. Supp. 668 (N.D. Ill. 1983).

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

    Respectfully submitted,

    KIMBERLY M. FOXX
    State's Attorney of Cook County

    BY:*/s/ Jordan L. Matthis*
    Jordan L. Matthis
    Assistant State's Attorney
    Cook County State's Attorney's Office
    500 Richard J. Daley Center
    Chicago, Illinois 60601
    (312) 603-5527